**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Umar N Saeed, | No. CV-21-08224-PCT-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Recovery & Towing Incorporated, | |
| Defendant. | |

This case concerns the disputed ownership of a 2019 Daimler Freightliner Cascadia truck (the Truck). Now pending before the Court is Defendant Arizona Recovery & Towing, Inc's Motion for Summary Judgment. (Doc. 25.) Therein, Defendant argues that Plaintiff Umar Saeed's Complaint (doc. 1) should be dismissed in its entirety because Defendant lawfully acquired title to the disputed Truck under Arizona's abandoned title statutes. (Doc. 25 at 1.) In opposition, Plaintiff contends Defendant did not comply with Arizona's statutes, and asks that the Motion be denied. (Doc. 27, at 9-10; Doc. 28 at 13.)

After review, the Court finds that summary judgment is inappropriate as to Plaintiff's claims in Count I (Conversion) and Count III (Unjust Enrichment), because whether the Truck was abandoned under Ariz. Rev. Stat. § 28-4801 is a disputed question of material fact. *See Reinke v. All. Towing*, 88 P.3d 1154, 1158-59 (Ariz. Ct. App. 2004) (denying summary judgment because "a genuine issue of fact exists regarding whether the car was abandoned by [the plaintiff]"). However, the Court will grant summary judgment as to Counts II (Fraud) and Count IV (Accounting).

## I.   Background.

In October 2021, Plaintiff initiated this action by filing a complaint (Complaint) against Defendant asserting he is the Truck's rightful owner and seeking damages including the fair market value of the Truck and other monetary relief. (Doc. 1 at 11-13.)

According to Plaintiff, his corporation, Naiel Enterprises Inc. (NE), acquired the Truck on July 18, 2018, and gave its partner Capital City Logistics (CCL), "exclusive possession, custody, and control of the Truck." (*Id.* at 3.) Plaintiff asserts that on February 4, 2019, CCL leased the Truck to a California corporation called Platinum Express (PE), unbeknownst to NE. (*Id.*)

On February 21, 2019, an employee of Plaintiff's partnership wrecked the Truck while driving on Interstate 17 in Yavapai County, Arizona. Following the accident, the driver contacted Defendant to remove the Truck. (Doc. 35 at 2.) The driver gave Defendant's employees the name and telephone number of CCL's Vice President, Mr. Parm Sandhu, who the driver stated would pay the towing invoice. (*Id.* at 2-3.) CCL was listed as the owner of the Truck, which was registered in California. (Doc. 28 at 8; Doc. 30-4 at 12.)

On February 26, 2019, Defendant emailed an invoice to Mr. Sandhu requesting payment for accrued towing charges and storage fees. (Doc. 35 at 3-4.) After exchanging multiple emails, Defendant notified Mr. Sandhu that it would commence the abandoned vehicle title process if payment was not received by April 19, 2019. (*Id.* at 5; *see* Doc. 26-4, 26-5.) On April 4, 2019, an employee from the Arizona Department of Transportation (ADOT) inspected the Truck and completed the ADOT Vehicle Inspection Form at the request of Defendant. (Doc. 35 at 7.)

In the 57 days between February 26, 2019 and April 19, 2019, Plaintiff emailed CCL and insurance representatives in attempts to settle the claim. (*Id.* at 13; *see* Doc. 30-4 at 18-38.) But Plaintiff never paid Defendant. (Doc. 35 at 4.) On April 19, 2019, Defendant initiated abandoned title proceedings by filing an application with ADOT to obtain title to the Truck. (*Id.* at 10-11.) On May 22, 2019, Mr. Sandhu asked Defendant to stop the

abandoned title proceedings, and Defendant refused, explaining that it would cease proceedings upon payment for the accrued fees. (*Id.* at 13; Doc. 26-5 at 2.) Plaintiff never paid Defendant, and ADOT awarded Defendant title to the Truck on July 9, 2019. (Doc. 27 at 4.) After making extensive repairs, Defendant sold the Truck on September 15, 2021. (Doc. 35 at 17-18.)

On October 17, 2021, Plaintiff initiated this action by filing his Complaint alleging four claims against Defendant: (1) conversion, (2) fraud, (3) unjust enrichment, and (4) a request for accounting. (Doc. 1.) On November 18, 2022, Defendant filed this Motion for Summary Judgment (doc. 25), asking the Court to dismiss Plaintiff's Complaint in its entirety because Defendant lawfully obtained title to the Truck under applicable Arizona statutes and thus Plaintiff is unable to establish the necessary elements of any of his claims. (Doc. 25 at 1.) Plaintiff opposes the Motion, contending that Defendant unlawfully acquired the Truck and arguing "[t]here is simply no evidence of any expressed intent . . . to abandon title to the Truck." (Doc. 28 at 13.) The Motion has been fully briefed. (Docs. 25, 26, 27, 28, 34, 35.)

**II.     Legal Standard.**

Summary judgment is granted where the evidence, viewed in the light most favorable to the nonmoving party, shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those potions of [the record] which it believes demonstrate the absence of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party "produce[s] evidence negating an essential element of the nonmoving party's claim or defense or show[s] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of

persuasion," then the burden shifts to the nonmoving party who "must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

**III.     Defendant's Motion for Summary Judgment.**

In its Motion, Defendant argues Plaintiff's Complaint should be dismissed for two reasons. First, Defendant lawfully acquired title, pursuant to Arizona's abandoned vehicle statutes, to the Truck that Plaintiff abandoned for 57 days. (Doc. 25 at 2.) Second, because the Truck was lawfully acquired under Arizona law, Plaintiff cannot "establish the necessary elements for any of its claims." (*Id.* at 5.) The Court will address each argument.

**A.     Arizona's Abandoned Vehicle Statutes.**

Defendant's Motion principally rests on its first argument – that Defendant lawfully acquired the Truck at issue under Arizona law because Defendant fully complied with Arizona's abandoned vehicle statutes. (Doc. 25 at 2.) Plaintiff opposes Defendant's argument, contending that he did not abandon the Truck, and Defendant did not adhere to the statutory procedures. (Doc. 27 at 9; Doc. 35 at 17.) For the reasons explained below, the Court finds that Plaintiff has raised a genuine issue of material fact as to whether the Truck was abandoned under Arizona law.

**1.     Legal Standard.**

Section 28-4841 authorizes the Director of ADOT (the "Director") to transfer ownership of an abandoned vehicle provided certain requirements are met. Ariz. Rev. Stat § 28-4841. First, the vehicle must be abandoned, as in "lost, stolen, abandoned or otherwise unclaimed . . . on a public highway, public property or elsewhere in this state, including private property." Ariz. Rev. Stat. § 28-4801. Arizona courts have held that whether a car is "abandoned" may be a question of fact where there is evidence that a party "demanded possession of the [vehicle]." *Reinke*, 88 P.3d at 1158. However, a vehicle left unattended on a public road for a period of forty-eight hours or "for a period of seventy-two hours on public or private property," constitutes *prima facie* evidence of abandonment. Ariz. Rev. Stat. § 28-4801.

- 4 -

After determining a vehicle is "abandoned," the person in possession must wait a ten-day retention period and then within five days must: (1) submit an abandoned vehicle report that includes the description of the vehicle, its license or registration number if any, the circumstances of removal, and other information as required; (2) file an application for a transfer of ownership; (3) submit a vehicle identification form; (4) if applicable, submit the authorization form signed by the private property owner; and (5) pay all necessary fees. Ariz. Rev. Stat. § 28-4838(A). "An applicant for transfer of ownership" must certify that "(1) [a]s of the date of application, no person has presented proof of ownership and financial responsibility for the release or return of the vehicle [and] (2) [t]he applicant is currently in possession of the vehicle." Ariz. Rev. Stat. § 28-4842(B). The applicant seeking abandoned title must also have an officer inspect the abandoned vehicle and complete a vehicle identification form. Ariz. Rev. Stat. § 28-4834(E).

Upon receiving the report and application, the Director then determines the name and address of the owner and lienholder to provide notice of an intent to transfer title. Ariz. Rev. Stat. § 28-4841(A)-(B). For vehicles registered out of state, the Director must provide notice within 30 days. *Id.* If the owner, lienholder, or other person with an interest in the vehicle fails to notify ADOT of its interest within 30 days, the Director shall transfer ownership of the vehicle after certifying it is not stolen. Ariz. Rev. Stat. §§ 4841, 4842(A).

### 2. Analysis.

Here, Defendant argues it lawfully acquired title to the Truck because the Truck was presumed "abandoned" under § 28-4801 after sitting in Defendant's towing yard for 57 days. (Doc. 35 at 17.) Plaintiff contends he did not abandon the Truck because he made several demands for possession and asked Defendant to stop the abandoned title process. (Doc. 35 at 17; *see* Docs. 26-4, 26-5.)

In interpreting "abandonment" under § 28-4801, the Arizona Court of Appeals has held that a genuine issue of fact precludes summary judgment where there is evidence that an owner has demanded possession of an allegedly "abandoned" vehicle from the applicant for abandoned title. *Reinke*, 88 P.3d at 1158-59. In *Reinke*, the plaintiff was arrested, and

his vehicle sat outside a Circle K parking lot for two days before being towed by defendant towing company on December 23, 1999. *Id.* at 1155. The plaintiff issued a power of attorney, and his attorney contacted the towing company, demanding possession of the vehicle. *Id.* The towing company refused and explained that "only the owner of the car could pick it up." *Id.* On January 26, 2000, the towing company filed for abandoned title which it received on February 29, 2000, despite plaintiff's continued demands for possession and offers to pay the accrued storage costs. *Id.* The trial court granted summary judgment in favor of the towing company. *Id.* at 1156. The appellate court reversed, holding that whether plaintiff abandoned the vehicle was a question of fact given plaintiff's demand for possession from the towing company. *Id.* at 1158-59.

Similarly, in this case, a question of fact exists as to whether Plaintiff abandoned the Truck. Despite never paying the towing fees, Plaintiff, through his agents, demanded possession of the Truck and asked Defendant to stop the process after Defendant initiated proceedings. (Doc. 35 at 4-5; Doc. 27 at 2; *see* Doc. 25 at 4.) Plaintiff's partner, Mr. Sandhu, sent Defendant at least 14 emails in attempts to regain possession of the Truck. (*See* Docs. 26-4, 26-5.) Mr. Sandhu even asked Defendant if he could pay "a deposit or partial payment to stop this process until the insurance company gets [their] act together." (Doc. 30-3 at 15.) Additionally, Plaintiff alleges, "someone tried to make payment to [Defendant] for the unpaid towing and storage fees" but the individual was informed it was "too late." (Doc. 35 at 14.) Because there is evidence that Plaintiff made demands for possession from Defendant, a genuine issue of fact exists as to whether the Truck was "abandoned" under § 28-4801, and summary judgment must be denied.

Defendant argues that the Truck is presumed abandoned because it was left in the towing yard for 57 days. (Doc. 35 at 17.) The Court disagrees. Under § 28-4801, a vehicle left unattended on a public road for a period of 48 hours constitutes *prima facie* evidence of abandonment. Ariz. Rev. Stat. § 28-4801. But fact that the Truck spent 57 days in Defendant's towing yard has no effect on the abandonment analysis. *See Reinke*, 88 P.3d at 1159. To be sure, in *Reinke*, the vehicle in question spent more than two months in the

defendant towing company's yard, but the vehicle was still not presumed abandoned because it "had not been left unattended" for the applicable period of time under § 28-4801. *Id.* (holding that defendant towing company was "not entitled to any presumption of abandonment. . . because [the vehicle] had not been unattended for seventy-two hours when it was towed[,]" despite the vehicle remaining in the towing company's yard for more than two months.). Here, for the Truck to have been "presumed" abandoned, it would have had to remain on Interstate 17, a public road, for at least 48 hours. But instead, the Truck was removed on February 21, 2019, the same day the Truck was involved in an accident and the driver requested a tow. Thus, the Truck cannot be presumed "abandoned," despite spending 57 days in Defendant's towing yard. *See Reinke*, 88 P.3d at 1159.

Because Plaintiff has shown that a genuine issue of material fact exists as to whether the Truck was "abandoned," the Court will deny Defendant's Motion seeking summary judgment on that issue.[1] Having determined "abandonment" is an issue of fact, the Court must next address Defendant's second argument – that Plaintiff is incapable of establishing the necessary elements for any of his claims.

**B.    Because a genuine issue of material fact exists as to the issue of "abandonment," Defendant fails to show that Plaintiff cannot establish the necessary elements for any of his claims.**

Defendant argues that Plaintiff cannot "establish the necessary elements for any of its claims" because Defendant is the rightful owner of the Truck. (Doc. 25 at 5.) In response, Plaintiff contends Defendant unlawfully acquired the Truck, and disputed facts preclude summary judgment as to Plaintiff's claims for conversion, fraud, and unjust enrichment. (Doc. 27 at 9-11.) Because Plaintiff's claims in Count I (Conversion) and Count III (Unjust Enrichment) turn on whether the Truck was "abandoned" under § 28-4801 – an issue which the Court has already determined is not suitable for summary judgment – the Court will deny Defendant's Motion for Summary Judgment as to those

---

[1] Because the Court determines that the question of whether the vehicle was abandoned raises a genuine issue of material fact, the Court need not address Plaintiff's other arguments as to whether Defendant complied with § 28-4801 *et. seq.*'s specific statutory requirements.

claims. However, the Court will grant summary judgment as to Count II (Fraud), which Plaintiff cannot establish, and Count IV (Accounting), which Plaintiff has abandoned.

### 1. Count One: Conversion.

In Arizona, conversion is "an act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another." *Case Corp. v. Gehrkey*, 91 P.3d 362, 365 (Ariz. Ct. App. 2004) (internal citation omitted.) "To maintain an action for conversion, a plaintiff must have had the right to immediate possession of the personal property at the time of the alleged conversion." *Id.*

Defendant argues summary judgment is appropriate as to Plaintiff's conversion claim because Defendant "cannot be liable for conversion of property (i.e. the Truck) that it lawfully obtained." (Doc. 25 at 9.) In response, Plaintiff avers Defendant wrongfully converted title to the Truck for its own financial profit because Defendant did not adhere to Arizona's statutory procedures. (Doc. 26-1 at 7; Doc. 27 at 10.) As a result of Defendant's actions, Plaintiff alleges he was "deprived of valuable property rights in the truck" and "sued by the lienholder as guarantor of the loan secured by the truck as collateral." (Doc. 27 at 10-11.)

Whether Plaintiff had the right to immediate possession of the Truck turns on whether the Truck was "abandoned" under Section 28-4801. The question of "abandonment" is a disputed material fact that precludes summary judgment as to this count. *Reinke*, 88 P.3d at 1158-59 (denying summary judgment because "a genuine issue of fact exists regarding whether the car was abandoned by [the plaintiff]"). Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Count I.

### 2. Count Two: Fraud.

To sustain a claim for fraud, a plaintiff must demonstrate: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury." *Moore v. Meyers*, 253 P.

626, 628 (Ariz. 1927).

In its Motion, Defendant argues that summary judgment is appropriate as to Plaintiff's fraud claim because Plaintiff has failed to point to any false representations made by Defendant to Plaintiff, or establish how Plaintiff relied on those representations, as is necessary to sustain Plaintiff's claim. (Doc. 25 at 6-7, 10.) More specifically, Defendant argues that: (1) it did not make any false representations because it communicated openly to Plaintiff's agents, CCL and Mr. Sandhu; (2) that Plaintiff cannot establish reliance since Defendant did not make any representations directly to Plaintiff; and (3) the fact that ADOT approved the transfer weighs against Plaintiff's claim of fraud. (*Id.* at 11-12.) In response, Plaintiff contends Defendant committed fraud by failing to disclose: (1) the registered owner of the Truck to ADOT; (2) the fact that the Truck was registered in California; and (3) the lienholder of record. (Doc. 27 at 2.)

While Plaintiff's briefing encapsulates a rather elaborate scheme of purported "fraud," glaringly absent from Plaintiff's accusations is any duty on behalf of Defendant to disclose the withheld information to ADOT. Nor does Plaintiff provide any assertion in his papers that Defendant affirmatively made false representations in its application.[2] Arizona's statutes make clear, the ADOT "director shall determine the name and address of the owner and lienholder . . . [and] shall notify all interested persons" of its intent to transfer ownership. Ariz. Rev. Stat. § 28-4841(A)-(B). It was the duty of ADOT, not Defendant to locate and disclose such information. Moreover, it is undisputed that Defendant made representations to Plaintiff's agents, CCL and Mr. Sandhu, not Plaintiff himself.

Because there is no allegation in the record that Defendant made a false representation to Plaintiff, or that Plaintiff relied on such a representation, summary

---

[2] The Court notes that its review of the record identified potential questions regarding the accuracy of Defendant's report to ADOT. However, Plaintiff has failed to present any argument regarding those potential inaccuracies in his papers before the Court. As such, the Court declines to address potential arguments on issues left unraised by the parties. *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2021 WL 794264 (D. Ariz. Mar. 2, 2021), *aff'd*, No. 21-16140, 2023 WL 142545 (9th Cir. Jan. 10, 2023) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.") (internal citations omitted).

judgment will be granted as to Plaintiff's claim for fraud.

### 3. Count Three: Unjust Enrichment.

To establish a claim for unjust enrichment, a plaintiff must show: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a legal remedy." *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). "[A] plaintiff must demonstrate that the defendant received a benefit, that by receipt of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should provide compensation." *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 1985) (internal citations and quotations omitted).

In its Motion, Defendant argues that there is a legal justification for its enrichment because Defendant complied with Arizona law, and ADOT awarded Defendant title to the Truck. (Doc. 25 at 12.) Plaintiff contends that Defendant unlawfully acquired title to the Truck and "made $89,172.64 from the truck and trailer which . . . constitutes a windfall." (Doc. 27 at 2.)

Similarly, disposition of this count turns on whether the Truck was "abandoned" under § 28-4801. Therefore, summary judgment will be denied. *Reinke*, 88 P.3d at 1158-59 (denying summary judgment because "a genuine issue of fact exists regarding whether the car was abandoned by [the plaintiff]").

### 4. Count Four: Accounting.

In his response, Plaintiff asserts he "is not pursuing an accounting" since the money received appears commercially reasonable. (Doc. 27 at 1.) Since "there is no genuine dispute as to any material fact" with respect to this claim, summary judgment will be granted. Fed. R. Civ. P. 56(a).

## IV. Conclusion.

As for Count I (Conversion) and Count III (Unjust Enrichment), summary judgment

- 10 -

is denied.[3] There is a genuine dispute of material fact as to whether Plaintiff "abandoned" the vehicle under § 28-4801 given Plaintiff's demands for possession. As to Count II (Fraud) and Count IV (Accounting), summary judgment will be granted in favor of Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 25) is **granted in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in Counts II and IV are **dismissed**. The only remaining claims in this action are Count I (Conversion) and Count III (Unjust Enrichment).

Dated this 23rd day of February, 2023.

Honorable John Z. Boyle
United States Magistrate Judge

---

[3] The Court denies Plaintiff's Request for Judicial Notice. (Doc. 29.) Plaintiff requests judicial notice that a vehicle identification number search over the internet can readily determine the owner and lienholder of a vehicle. (*Id.* at 1.) Judicial notice of this fact will not aid the Court in resolution of the instant Motion because the fact is irrelevant as to whether Defendant lawfully obtained title to the Truck. *Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying request for judicial notice because "the documents to be noticed [were] irrelevant").